KONENKAMP, Justice (on reassignment).
[¶ 1.] This case requires us to decide whether a defendant, acquitted of grand theft, may be prosecuted for perjury on his trial testimony if the issue in the pending perjury trial was raised in the former trial. In dismissing the perjury charge on double jeopardy grounds, the circuit court reasoned that defendant’s truthfulness on whether he fixed a 1950 Studebaker had been litigated as an essential issue in the former case. But the question is whether the jury verdict in the former case necessarily decided the issue to be determined in the perjury trial. Because the jury’s acquittal could have been based on grounds other than accepting as true defendant’s allegedly false statements about fixing the Studebaker, we reverse and remand.
Background
[¶ 2.] In 2008, Rocket Lube of Spearfish, South Dakota, hired Trent Danielson. He worked there both as a mechanic and auto painter until he was fired in September 2006. Rocket Lube reported to the police that Danielson had stolen auto parts and had failed to remit checks for work done on a customer’s vehicle. All the checks were from Dr. Tom Cox for mechanical work Danielson performed.
[¶3.] Danielson was indicted on one count of grand theft under SDCL 22-30A-1 and SDCL 22-30A-17. An amended bill of particulars listed all the parts and money Danielson allegedly stole.[1] In the jury trial, the State presented evidence that the checks Danielson obtained from Dr. Cox were property of Rocket Lube. Danielson claimed that he and Dr. Cox had a private agreement, outside his employment with Rocket Lube, to perform mechanical work on Dr. Cox’s vehicles. Danielson testified that the arrangement with Dr. Cox result *356 ed from a discussion where Dr. Cox told Danielson he felt Rocket Lube was taking advantage of him. According to Daniel-son, Dr. Cox asked him if he would work on Dr. Cox’s vehicles in his spare time to save expenses. Danielson agreed, doing the work on his own time, at his father’s house. Dr. Cox also testified. While he agreed that he felt he was being overcharged by Rocket Lube, he claimed that he thought Danielson was acting as an agent for Rocket Lube when performing the work on his vehicles.
[¶ 4.] The jury found Danielson not guilty of grand theft. Shortly afterwards, Danielson was indicted on one count of perjury. The indictment alleged that during Danielson’s grand theft jury trial he testified falsely by saying that “he had replaced parts inside the transmission of Dr. Tom Cox’s 1950 Studebaker pick-up truck,” when no such work was actually done. Danielson moved to dismiss the indictment as a violation of the prohibition against double jeopardy guaranteed by the South Dakota and United States constitutions. See U.S. Const, amend. V; SD Const, art. VI, § 9. Danielson argued that the State was collaterally estopped from prosecuting him for perjury arising out of his jury trial in which he was acquitted. To Danielson, the jury’s acquittal was a final determination that he had indeed replaced the 1950 Studebaker transmission parts. The circuit court agreed and dismissed the perjury charge.
Analysis and Decision
[¶ 5.] In Danielson’s trial for grand theft, the issue before the jury was whether he had taken money or property owed to his employer for work he performed on his employer’s behalf. Danielson testified that he had an outside agreement with Dr. Cox to perform mechanic’s work. He described his work on Dr. Cox’s 1950 Studebaker, even offering photographs to prove that he performed the claimed work. As a means of challenging Danielson’s credibility, the State called expert witnesses to show that Danielson had not worked on the 1950 Studebaker. In closing remarks, the prosecutor went so far as to say that the jurors “should find him innocent” if they believed Danielson did the claimed work.
[¶ 6.] Relying on the fact that work performed on the 1950 Studebaker was disputed and that counsel for the State underscored this dispute in closing remarks, Danielson maintains that when the jury acquitted him it concluded that he performed the work on the 1950 Studebaker. But the State argues that it was not necessary for the jury to determine whether Danielson did the work in order to acquit him of grand theft.
[¶ 7.] The Fifth Amendment of the United States Constitution and Article Six of the South Dakota Constitution forbids placing a person in jeopardy twice for the same offense. U.S. Const, amend. V; SD Const, art. VI § 9.[2] In Ashe v. Swenson, the United States Supreme Court held that the Fifth Amendment’s prohibition against double jeopardy encompasses the doctrine of collateral estoppel. 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). Generally, the doctrine applies when an issue of fact or law was actually litigated and determined by a final and valid judgment, and the determination was essential to the judgment. Id. *357 Collateral estoppel in a criminal case applies when an “ ‘issue of ultimate fact has once been determined by a valid and final judgment[.]’ ” State v. Flittie, 318 N.W.2d 346, 348 (S.D.1982) (quoting Ashe, 397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d 469). Nonetheless, when “ ‘a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration’ ” collateral estoppel will not bar subsequent prosecution. Id.
[¶ 8.] In cases like these, “courts have long struggled with the question of when acquittal of a crime will bar the defendant’s subsequent prosecution for perjury for testimony given in his own behalf at trial.” State v. DeSchepper, 304 Minn. 399, 231 N.W.2d 294, 297 (1975). “In almost every criminal prosecution resulting in acquittal where the defendant has testified, it may be said that the jury passed on the defendant’s credibility and found him truthful.” United States v. Nash, 447 F.2d 1382, 1387 (4th Cir.1971) (Winter, C.J., concurring specially). Yet “an acquittal does not constitute an automatic bar to a subsequent prosecution for perjury committed during the earlier trial.” United States v. Ruhbayan, 325 F.3d 197, 201-02 (4th Cir.2003); United States v. Richard, 892 F.2d 761, 763 (9th Cir. 1989). To conclude otherwise “would encourage prevarication by saying that necessarily such a defendant is immune from prosecution for perjury.” Nash, 447 F.2d at 1387. Therefore, “[ujnless the record of the prior proceeding affirmatively demonstrates that an issue involved in the second trial was definitely determined in the former trial, the possibility that it may have been does not prevent' the relitigation of that issue.” United States v. Haines, 485 F.2d 564, 565 (7th Cir.1973).[3]
[¶ 9.] We review de novo a circuit court’s dismissal of an indictment on double jeopardy grounds. See United States v. Petty, 62 F.3d 265, 267 (8th Cir. 1995). The burden is “on defendant to demonstrate that the issue whose relitigation [defendant] seeks to foreclose was actually decided in the first proceeding.” Dowling v. United States, 493 U.S. 342, 350, 110 S.Ct. 668, 673, 107 L.Ed.2d 708 (1990). While Danielson’s work on the Studebaker was interrelated with the question whether Danielson committed grand theft, a question possibly addressed by the jury, there is no indication that the jury was bound to decide that Danielson performed the work on the Studebaker in order to acquit him.
[¶ 10.] That a fact may have been determined in the former trial is not enough; only an unequivocal showing that the issue sought to be foreclosed by the defendant was definitely and necessarily decided by the jury will suffice to prohibit the prosecution from relitigating that issue in a second trial. United States v. Marino, 200 F.3d 6, 10 (1st Cir.1999). To convict Dan-ielson of grand theft, the jury had to find beyond a reasonable doubt that he took or exercised control over “property” of Rocket Lube “with intent to deprive [it] of the property[.]” See SDCL 22-30A-1. In acquitting Danielson, the jury could have simply found that Danielson had a side agreement with Dr. Cox to perform me *358 chanical work and that consequently Dan-ielson did not deprive Rocket Lube of any checks or property.
[¶ 11.] Merely because a point was sharply disputed before the jury does not mean the issue was necessarily decided or that it was an ultimate issue of fact. Nor does the State’s emphasis on the Studebaker during closing arguments mean perforce that the jury was confined to determine guilt or innocence based on whether it believed that Danielson worked on the Studebaker. Neither the formal charge against Danielson nor the bill of particulars mentioned the 1950 Studebaker.[4] Considering the entire record, including the pleadings, evidence, and instructions, Danielson has failed to satisfy his burden of demonstrating that the jury’s not guilty verdict necessarily included an implicit factual finding that he performed the work on the 1950 Studebaker. Simply put, the jury could have acquitted him for reasons other than deciding whether he actually did that work. See Ashe, 397 U.S. at 444, 90 S.Ct. at 1194, 25 L.Ed.2d 469. Therefore, the circuit court erred in barring the perjury prosecution.
[¶ 12.] Reversed and remanded.
[¶ 13.] GILBERTSON, Chief Justice, and ZINTER and SEVERSON, Justices, concur.
[¶ 14.] MEIERHENRY, Justice, dissents.

. The bill of particulars alleged that the following transactions formed the basis of the charge: seven checks written by Dr. Cox that were given to defendant; an invoice for a Jeep oil pan; a throttle body injector system for a 1957 Willys; sensors for a 1949 Chevy; sensors for a 1957 Willys; an invoice for two U-joint repair kits; two invoices for spark plug wires; an invoice for an electronic fuel pump for a 1949 Chevy; an invoice for shocks and struts; two invoices for an Edelbrock carburetor for a 1957 Willys; an invoice for a timing light; and an invoice for silver paint for a 1957 Jeep.

. Because defendant has not asserted and we have not discerned "a basis to distinguish the protections afforded by the South Dakota Constitution from those provided in the federal constitution under the circumstances of this case, our analysis applies equally to both the state and federal constitutional provisions.” See State v. Deneui, 2009 SD 99, ¶ 12, 775 N.W.2d 221, 229 (citation omitted).

. See also United States v. Baugus, 761 F.2d 506 (8th Cir. 1985) (perjury prosecution not precluded by collateral estoppel rule in double jeopardy clause); United States v. Gugliaro, 501 F.2d 68 (2d Cir.1974) (same); Adams v. United States, 287 F.2d 701 (5th Cir. 1961) (same); United States v. Woodward, 482 F.Supp. 953 (W.D.Pa.1979) (same); State v. Hope, 215 Conn. 570, 577 A.2d 1000 (1990) (collateral estoppel barred subsequent prosecution for aiding and abetting); Dixon v. State, 513 So.2d 951 (Miss.1987) (subsequent prosecution for kidnapping barred by collateral estoppel).

. The charge against defendant alleged:
That on or about the month of January 2005 through September 2006, in the County of Lawrence, State of South Dakota, [Trent Danielson] did take or exercise control over property of another, pursuant to one scheme or course of conduct, namely, property of Rocket Lube, Spearfish, South Dakota, the value of which exceeds $1,000.00, with intent to deprive the owner of said property. Contrary to SDCL 22-30A-1 and 22-30A-17(l).