#25879-a-SLZ

2011 S.D. 82

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

TRENTON JAY DANIELSON,                    Plaintiff and Appellant,

    v.

JAMES I. HESS, JAKE J. JANSEVICS,
and MINITMAN, INC., A SOUTH
DAKOTA CORPORATION,                       Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
LAWRENCE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JOHN W. BASTIAN
Judge

* * * *

JON J. LAFLEUR of
Abourezk & Zephier, PC
Rapid City, South Dakota                  Attorneys for plaintiff
    and appellant.


THOMAS E. BRADY
RICHARD A. PLUIMER of
Brady Pluimer, PC
Spearfish, South Dakota                   Attorneys for defendants
    and appellees.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 23, 2011

OPINION FILED 12/07/11

#25879

ZINTER, Justice

[¶1.]          Trent Danielson was prosecuted for theft from his employer's auto repair business, but he was acquitted by a jury. He later commenced this action for malicious prosecution against his employer. The circuit court granted summary judgment in favor of the employer. The court ruled that Danielson did not establish legal causation between the employer's report of theft and the criminal prosecution. The court also concluded that Danielson failed to establish the absence of probable cause to prosecute. On appeal, Danielson acknowledges that the decision to prosecute was made by the state's attorney and grand jury following investigations by the police and state's attorney. Nevertheless, Danielson contends that his claim is actionable because his employer did not give full and correct information to the authorities. We affirm the circuit court.

*Facts and Procedural History*

[¶2.]          In 2006, Danielson was employed as a mechanic and auto painter at Rocket Lube, a vehicle lubrication and repair business owned by Minitman, Inc. Dr. Thomas Cox was a customer of Rocket Lube and minority shareholder of Minitman, Inc. In early September 2006, Dr. Cox complained to James Hess – the President and majority shareholder of Minitman, Inc. – about poor workmanship on his cars and about being overbilled. The dispute was resolved, and it was agreed that Dr. Cox's cars would be fixed at the expense of Rocket Lube.

[¶3.]          Sometime after this agreement, Danielson went to Dr. Cox's residence and requested a $300 check for repair work done on one of Dr. Cox's cars. Dr. Cox acquiesced, but he complained to Hess in light of the agreement that Rocket Lube

-1-

would fix Dr. Cox's cars at Rocket Lube's expense. Hess subsequently learned that Danielson had obtained a total of seven checks from Dr. Cox over sixteen months but had not remitted the checks to Rocket Lube. Hess suspected that Danielson was stealing from Rocket Lube. Days later, Hess fired Danielson because Danielson did not turn over Dr. Cox's $300 check. Hess and Jake Jansevics, the manager of Rocket Lube, then reviewed Rocket Lube's records. They compiled a report of parts, tools, and money they believed Danielson had stolen from Rocket Lube during his employment.

[¶4.]     Hess and Jansevics turned their report over to Spearfish Police Department Officer Darin Pedneau. Pedneau subsequently conducted his own investigation, which included interviews of Danielson, Hess, Jansevics, Dr. Cox, employees of auto-part stores, and employees of Rocket Lube. Pedneau also collected invoices from auto-part stores that had done business with Rocket Lube and Danielson. Upon completion of his investigation, Pedneau concluded that theft had been committed, and he requested the Lawrence County State's Attorney's Office to issue a warrant for Danielson's arrest. Lawrence County State's Attorney John Fitzgerald made the decision to prosecute. Fitzgerald presented his case against Danielson to a grand jury. The grand jury indicted Danielson for felony grand theft.

[¶5.]     Months later, Danielson's private investigator informed Pedneau and Fitzgerald that he thought Hess and Jansevics retained auto parts at Rocket Lube that they had previously alleged were stolen by Danielson. Pedneau and Fitzgerald

both investigated the private investigator's allegation. Following the investigation, Fitzgerald decided to proceed with the prosecution.

[¶6.]    A jury trial was held in July 2008. Danielson moved for judgments of acquittal at the close of the State's case and after all the evidence had been submitted. Both motions were denied. The court ruled that there was sufficient evidence to submit the case to the jury. The jury, however, acquitted. *See State v. Danielson*, 2010 S.D. 58, 786 N.W.2d 354 (providing further background).

[¶7.]    Danielson then commenced this suit against Hess, Jansevics, and Minitman, Inc. for malicious prosecution, defamation, and retaliatory discharge (involving a workers' compensation claim). Appellees moved for summary judgment on all claims. The circuit court granted summary judgment against Danielson on the malicious prosecution and defamation claims. Danielson appeals the dismissal of his claim for malicious prosecution.

*Decision*

[¶8.]    "In reviewing a grant or a denial of summary judgment under SDCL 15-6-56(c), we determine whether the moving party has demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law." *Lindskov v. Lindskov*, 2011 S.D. 34, ¶ 7, 800 N.W.2d 715, 717-18. "The circuit court's conclusions of law are reviewed de novo." *Johnson v. Sellers*, 2011 S.D. 24, ¶ 11, 798 N.W.2d 690, 694. "All reasonable inferences drawn from the facts must be viewed in favor of the non-moving party." *Gail M. Benson Living Trust v. Physicians Office Bldg., Inc.*, 2011 S.D. 30, ¶ 9, 800 N.W.2d 340, 342-43. However, "[e]ntry of summary judgment is mandated against a party

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Dakota Indus., Inc. v. Cabela's.com, Inc.,* 2009 S.D. 39, ¶ 11, 766 N.W.2d 510, 513.

[¶9.]     There are six elements required to prove malicious prosecution:

> (1) The commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff, who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff.

*Heib v. Lehrkamp,* 2005 S.D. 98, ¶ 21 n.8, 704 N.W.2d 875, 884 n.8.  A plaintiff must prove all six elements.  *Miessner v. All Dakota Ins. Assocs., Inc.,* 515 N.W.2d 198, 200 (S.D. 1994).  In this case, it is only necessary to discuss the question of legal causation.

[¶10.]     "If the defendant is not 'the proximate and efficient cause of maliciously putting the law in motion,' but rather the state's attorney or an officer of the law pushes the prosecution forward, that defendant is not liable." *Leisinger v. Jacobson,* 2002 S.D. 108, ¶ 14, 651 N.W.2d 693, 698 (quoting *Malloy v. Chi., M & St. P. Ry. Co.,* 34 S.D. 330, 337, 148 N.W. 598, 600 (1914)), *overruled on other grounds by State v. Martin,* 2004 S.D. 82, 683 N.W.2d 399.  Danielson acknowledges this rule but alleges that Appellees knew or should have known that their reports of theft were not "full and correct."[1]  "This Court and many other jurisdictions have

---

1.     Danielson specifically contends that: (1) Appellees reported that Danielson stole auto parts when, in fact, the parts were still at Rocket Lube, were in

(continued . . .)

held that defendants cannot insulate themselves from a malicious prosecution in reporting crimes to the authorities unless they have given 'full and correct' information to those authorities." *Sabag v. Cont'l S.D.*, 374 N.W.2d 349, 355 (S.D. 1985) (citations omitted). However, it is also well established that it is not sufficient to only show that information was withheld or false. The withheld or false information must be the legal cause of the prosecution. "[I]f the State's prosecutors do their own investigation, prepare the complaint, or if an informer only tells law enforcement about a possible offense, the informant is not liable for malicious prosecution." *Leisinger*, 2002 S.D. 108, ¶ 14, 651 N.W.2d at 698. *See also Miessner*, 515 N.W.2d at 201 ("If the defendant merely states what is believed, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer, *or if the officer makes an independent investigation*, . . . the latter is not regarded as having instigated the proceeding." (emphasis added) (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 119, at 872-73 (5th ed. 1984))).

[¶11.] In *Malloy*, this Court specifically addressed the necessity of proving legal causation when false or withheld information is involved. 34 S.D. 330, 148 N.W. 598. We affirmed a directed verdict on a cause of action for malicious prosecution where one of the employees of the defendant who had reported the theft

---

(. . . continued)

customers' vehicles, or were properly paid for; (2) Appellees reported that Danielson stole tools when, in reality, the tools were replacements Rocket Lube was supposed to provide for Danielson's broken tools; and (3) Appellees reported that Danielson misappropriated Dr. Cox's funds when Danielson was legitimately using Dr. Cox's checks to buy parts for Dr. Cox's vehicles.

indicated that the prosecution was being sought for reasons unrelated to the plaintiff's guilt and another of the defendant's employees had said "we know you [the plaintiff] are innocent." *Id.* at 336, 148 N.W. at 599. Those facts were of no consequence because after the allegation of theft was made, "the evidence showed without dispute that the state's attorney, after having made a full and personal investigation of the matter, prepared the complaint and advised [the defendant's employee] to father it, thus eliminating any question as to the liability of the defendant . . . ." *Id.* at 337, 148 N.W. at 600. We reasoned that the state's attorney did not rely upon the allegedly false or incomplete information. Rather, "[the state's attorney] made an independent investigation and it can be fairly deduced from the evidence that it was because of such investigation, and not because of [the defendant's employee's] representations, that the state's attorney advised the prosecution." *Id.*

[¶12.] The rule requiring proof of legal causation where there has been false or incomplete reporting is also recognized in other jurisdictions. *See, e.g., King v. Graham*, 126 S.W.3d 75 (Tex. 2003). Like our decision in *Sabag,* Texas applies the rule that "a person cannot be liable for malicious prosecution if 'the decision whether to prosecute is left to the discretion of another, including a law enforcement official or the grand jury, *unless* the person provides information which he knows is false.'" *King*, 126 S.W.3d at 76 (citation omitted). But providing proof of false information is not by itself sufficient. There must also be "proof that the false information 'cause[d] a criminal prosecution.' In other words, there must be proof that the prosecutor acted based on the false information and that but for such false

information the decision would not have been made." *Id.* (alteration in original) (citation and footnote omitted). Thus, "[i]f the decision to prosecute would have been made with or without the false information, the complainant did not cause the prosecution by supplying false information." *Id.* at 78. *See also Matthews v. Blue Cross & Blue Shield of Mich.*, 456 Mich. 365, 385, 572 N.W.2d 603, 613 (1998) ("Unless the information furnished was known by the giver to be false *and was the information on which the prosecutor acted*, the private person has not procured the prosecution.") (second emphasis added). This independent causation requirement has also been adopted in the Restatement (Second) of Torts § 653 cmt. g (1977):

> In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him *upon which the official acted* was known to be false.

(Emphasis added.) "Therefore, to recover for malicious prosecution when the decision to prosecute is within another's discretion, the plaintiff has the burden of proving that that decision would not have been made but for the false information supplied by the defendant." *King*, 126 S.W.3d at 78.

[¶13.] Because Danielson carried the trial burden of proving causation, the question is whether he identified any specific facts suggesting that Fitzgerald's decision to prosecute would not have been made but for the allegedly false and incomplete information. In *All American Telephone, Inc. v. USLD Communications, Inc.*, the appellants asserted that the appellees procured criminal prosecutions by "providing false information and withholding material information from the

government." 291 S.W.3d 518, 534 (Tex. App. 2009). However, the Texas court observed that the appellants did not provide transcripts or filings from their criminal cases to indicate how the prosecution relied on the appellees' alleged untrue statements and non-disclosures. *Id.* at 535. Also, there was evidence that the prosecution relied on information other than the allegedly false information provided by the appellees. Therefore, the court held that the appellants' showing was insufficient to overcome the summary judgment burden of showing that the appellees' alleged misrepresentations were the but-for cause of the prosecutions against the appellants. *Id.* at 534-35.

[¶14.] In the case we consider today, Danielson focuses on evidence relating to falsity and incompleteness of the report given to the police and state's attorney. But even if the information provided by Hess and Jansevics was not full and correct, Danielson failed to present any evidence that he would not have been prosecuted but for Hess and Jansevics's allegedly false and incomplete information. All of the evidence is to the contrary. There is no dispute that Officer Pedneau and State's Attorney Fitzgerald performed an independent investigation that considered much more than the information provided by Hess and Jansevics. Pedneau's investigation included interviews of the individuals with first-hand information independent of that given by Hess and Jansevics.[2] Pedneau also obtained copies of the parts invoices at issue from the auto-part stores. Furthermore, Fitzgerald stated in his unrefuted affidavit that he reviewed Pedneau's investigative report in

---

2.     Those witnesses included Josh Walker, Caleb Schipke, Dr. Cox, Robert Kemp, Peter Miller, Rich Rivers, and Larry Harding.

deciding to prosecute Danielson. In addition, Fitzgerald hired an expert to examine work that Danielson claimed he had performed on Dr. Cox's vehicles. The expert was also retained to provide an opinion regarding vehicle parts, including how such parts would be used and if such parts were used for Rocket Lube's vehicles.

[¶15.]     It is also significant that Danielson's investigator informed Officer Pedneau of Danielson's defenses, including evidence that allegedly showed Rocket Lube had falsely reported. Thereafter, Pedneau and Fitzgerald reviewed Danielson's investigator's information, went to Rocket Lube, and investigated Danielson's defenses. Fitzgerald also met with Danielson's attorney and reviewed the exculpatory information Danielson's attorney provided. Ultimately, the police and the prosecutor were presented with the same evidence of false and incomplete information that Danielson presents to this Court today. Nevertheless, following their own independent investigations, the police and state's attorney made an independent decision to move forward with the prosecution.[3]

[¶16.]     We conclude that the summary judgment facts only point to one inference: Appellees' report was not the legal cause of the prosecution. Even if we assume that Danielson identified facts from which an inference could be drawn that full and complete information was not provided by the principals of Rocket Lube,

---

3.     Danielson's reliance on *Chien ex rel. Chien v. City of Sioux Falls*, 393 F. Supp. 2d 916 (D.S.D. 2005), is misplaced. *Chien* is distinguishable because there was no evidence in that case that the highway patrolman and prosecutor performed a full and independent investigation. On the contrary, the highway patrolman that came to the scene of the accident in *Chien* was unable to speak with the on-the-scene witnesses because of the defendants' conduct. The patrolman was only able to talk to the defendants and the plaintiff.

Danielson identified no facts suggesting that the prosecution was based on such information and that but for such information the decision to prosecute would not have been made by the prosecutor.  We therefore affirm.

[¶17.]        GILBERTSON, Chief Justice, KONENKAMP and SEVERSON, Justices, and MEIERHENRY, Retired Justice, concur.

[¶18.]        WILBUR, Justice, did not participate.