#26097-a-DG

**2012 S.D. 26**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

VEBLEN DISTRICT, JERRY PIERSON
CLARICE BLAESER, DON L. MONSON,
SCOTT NICKESON, RON NICKESON,
GERRY PERSON, RALPH KEINTZ,
LEROY AADLAND, CARMAN LIEN,
and GERALD HEITMANN,                          Plaintiffs and Appellants,

    v.

MULTI-COMMUNITY COOPERATIVE DAIRY,    Defendant,

    and

RICHARD MILLNER, INDIVIDUALLY AND
AS GENERAL MANAGER, AARON ANDERSON,
INDIVIDUALLY AND AS A DIRECTOR,
MATTHEW MILLNER, INDIVIDUALLY AND
AS A DIRECTOR, DENNIS PHERSON, JR.,
INDIVIDUALLY AND AS A DIRECTOR,
JORDAN HILL, INDIVIDUALLY AND AS
AN OFFICER, WAYNE VIESSMAN,
INDIVIDUALLY AND AS AN OFFICER,
MICHAEL WYUM, INDIVIDUALLY AND AS
AN OFFICER, AND DUANE BALDWIN,
INDIVIDUALLY AND AS AN OFFICER,              Defendants and Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
MARSHALL COUNTY, SOUTH DAKOTA
\* \* \* \*

THE HONORABLE JACK R. VON WALD
Judge

\* \* \* \*

ARGUED FEBRUARY 15, 2012

OPINION FILED **04/11/12**

STEVEN D. SANDVEN
Sioux Falls, South Dakota

Attorney for plaintiffs
and appellants.


REED RASMUSSEN of
Siegel, Barnett and Schutz, LLP
Aberdeen, South Dakota

Attorneys for defendants
and appellees.

#26097

GILBERTSON, Chief Justice

[¶1.]        Minority shareholders (Plaintiffs) brought this action against majority

shareholders (Defendants), individually and as officers or directors of Multi-

Community Cooperative Dairy (MCC Dairy).  Plaintiffs appeal the circuit court's

grant of Defendants' motion for summary judgment on the issues of: (1) minority

shareholder oppression; (2) breach of fiduciary duties; (3) tortious interference; (4)

restraint of trade or commerce; (5) negligence; and (6) unjust enrichment.  Plaintiffs

also appeal the circuit court's award of sanctions against them for abuse of

discovery.  We affirm.

## FACTS & PROCEDURAL HISTORY

[¶2.]        Plaintiffs are minority shareholders in MCC Dairy, which was

incorporated in South Dakota in 1997.  Defendant Richard Millner was hired as the

general manager for MCC Dairy in January 2000.  Most of the members of the

Board of Directors, including several Plaintiffs, were removed in March 2001

pursuant to the bylaws.  In 2002, some of the Plaintiffs met with the South Dakota

Attorney General's Office to discuss their suspicions of criminal wrongdoing by

Defendants.  An investigation by the Attorney General's Office concluded there had

been no criminal wrongdoing.

[¶3.]        Plaintiffs filed a shareholders' derivative complaint in November 2007

against Defendants and MCC Dairy.  Defendants filed a motion to dismiss in

December 2007 and a motion for summary judgment on January 23, 2008.  On

January 28, 2008, Plaintiffs filed an amended, direct complaint under SDCL 15-6-

15(a), which allows parties to amend their complaint "as a matter of course at any time before a responsive pleading is served . . . ."

[¶4.]        The court stayed the case in February 2008 under SDCL 47-18-21 because a separate receivership action was filed.  The case resumed around March 2011.  A hearing on the motion for summary judgment was held in June 2011.  The court granted Defendants' motion for summary judgment on the amended complaint.

[¶5.]        Defendants also filed a motion for sanctions in January 2008, claiming Plaintiffs and their counsel had abused the discovery process.  Depositions of Plaintiffs were taken in December 2007 and January 2008.  In June 2011, the court held a hearing regarding the sanctions motion.  The court granted the motion, awarding Defendants $2,472.15 for attorneys' fees and travel expenses.  The court issued findings of fact and conclusions of law regarding this award.

[¶6.]        On appeal, the issues presented are:

1.  Whether the circuit court erred in granting summary judgment.

2.  Whether the circuit court abused its discretion in ordering sanctions against Plaintiffs for abuse of discovery.

## STANDARD OF REVIEW

[¶7.]        A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  SDCL 15-6-56(c).  Our standard of review for evaluating the entry of summary judgment is well established:

> In reviewing a grant or a denial of summary judgment under SDCL 15-6-56(c), we determine whether the moving party has demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists.

*Dykstra v. Page Holding Co.*, 2009 S.D. 38, ¶ 23, 766 N.W.2d 491, 496. "All reasonable inferences drawn from the facts must be viewed in favor of the non-moving party." *Robinson v. Ewalt*, 2012 S.D. 1, ¶ 10, 808 N.W.2d 123, 126. Furthermore,

> [a]lthough we often distinguish between the moving and nonmoving party in referring to the parties' summary judgment burdens, the more precise inquiry looks to who will carry the burden of proof on the claim or defense at trial. Entry of summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*One Star v. Sisters of St. Francis, Denver, Colo.*, 2008 S.D. 55, ¶ 9, 752 N.W.2d 668, 674.

## ANALYSIS

[¶8.] **1. Whether the circuit court erred in granting summary judgment.**

[¶9.] Plaintiffs' amended complaint alleged six causes of action: (1) oppression and/or unfairly prejudicial conduct toward minority shareholders; (2) breach of fiduciary duty; (3) tortious interference; (4) restraint of trade or

commerce; (5) negligence; and (6) unjust enrichment. The court granted summary judgment in entirety.[1]

[¶10.]    Plaintiffs allege that summary judgment was improper because there are disputed issues of material fact. For summary judgment, Defendants have to show no genuine issue of material fact and entitlement to judgment as a matter of law. "[E]ntry of summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Danielson v. Hess*, 2011 S.D. 82, ¶ 8, 807 N.W.2d 113, 115. For purposes of summary judgment, Defendants admitted to all of Plaintiffs' facts. Even with all facts construed in their favor, Plaintiffs cannot demonstrate any conduct supporting their causes of action.

[¶11.]    Nothing in the record demonstrates that Defendants' activities were actionable. When questioned at oral argument as to where the record shows Defendants' activities were actionable, Plaintiffs' counsel directed the Court to the forensic audit. Despite having several years to acquire support, there is no expert testimony demonstrating what in the forensic audit shows impropriety by Defendants. We are not experts in forensic audit. "[A]bsent expert testimony, we cannot, by telepathy, act as mind readers determining from [a forensic audit] the factual determinations" of its author. *See In re Appeal of Schramm*, 414 N.W.2d 31,

---

1.    Plaintiffs have asserted that the circuit court erred in granting summary judgment on the amended complaint because it did not go through the elements of the claims, which were different than the claims in the derivative complaint. "Since a summary judgment presupposes there is no genuine issue of fact, findings of fact and conclusions of law are unnecessary." *Wilson v. Great N. Ry. Co.*, 83 S.D. 207, 211, 157 N.W.2d 19, 21 (1968).

36 (S.D. 1987). Consequently, Plaintiffs have not guided this Court to any evidence that supports their assertion that Defendants acted wrongly.

[¶12.] Overall, Plaintiffs fail to adequately articulate what material facts are in dispute to support their claims, and fail to identify how the court erred in its legal conclusion. Based on the entire record, and even examining the facts in a light most favorable to Plaintiffs, there is no support that Defendants engaged in any wrongdoing. Defendants have met their burden to achieve summary judgment.[2] Because Plaintiffs have failed to show that the circuit court erred as a matter of law in granting summary judgment, we affirm.

[¶13.] **2. Whether the circuit court abused its discretion in ordering sanctions against Plaintiffs for abuse of discovery.**

[¶14.] SDCL 15-6-37(d) provides:

> If a party . . . fails (1) *to appear before the officer who is to take the deposition, after being served with a proper notice . . .* after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subdivisions 15-6-37(b)(2)(A), (2)(B), and (2)(C). In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by § 15-6-26(c).

(Emphasis added.)

---

2. Plaintiffs did not request a continuance of the summary judgment hearing in order to complete additional discovery.

[¶15.]     Plaintiffs argue that they were justified in refusing to attend the depositions because: (1) they were scheduled unilaterally; (2) Defendants failed to act in good faith; (3) the depositions were scheduled at locations designed to harass Plaintiffs; and (4) service of the deposition notice was improper because counsel for Plaintiffs never agreed to accept service by facsimile as required by SDCL 15-6-5(f).

[¶16.]     The circuit court issued findings of fact and conclusions of law regarding the sanctions.  Essentially, two days before the depositions were scheduled to begin, Plaintiffs' counsel discovered that the address was for a bar owned by some of the Defendants.  Several Plaintiffs refused to attend because they believed security cameras in the bar could broadcast to outside locations.  Plaintiffs' counsel sent notice to Defendants' counsel cancelling the depositions.  The next day, Defendants' counsel faxed notice that the depositions would occur as scheduled at an alternate location.

[¶17.]     After several correspondences, Plaintiffs considered the depositions cancelled, and Defendants believed the depositions would continue as scheduled. Defendants' counsel had informed Plaintiffs' counsel that Plaintiffs' counsel would have to seek a protective order to effectively cancel the depositions.  None of the scheduled depositions occurred because Plaintiffs and their counsel did not attend. Some depositions were rescheduled for a later date.  When a witness for the Plaintiffs failed to appear, Plaintiffs' counsel asked whether Defendants' counsel had served the witness with notice of the deposition.  Plaintiffs' counsel had not informed his client to attend the deposition, and all parties had to wait until the witness arrived.

[¶18.] Based on these events, Defendants moved for sanctions. At no time did Plaintiffs file for a protective order. The court found that as a result of the Plaintiffs' failure to appear or late appearances, counsel for Defendants incurred unnecessary attorneys' fees and travel expenses. The court awarded $2,472.15 in sanctions against Plaintiffs and their counsel.

[¶19.] Plaintiffs argue that service by facsimile was improper under SDCL 15-6-5(f). SDCL 15-6-5(f) provides in part:

> Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, such service may be made by facsimile transmission pursuant to the following conditions:
> (1) The attorney upon whom service is made has the necessary equipment to receive such transmission;
> (2) The attorney has agreed to accept service by facsimile transmission, or has served the serving party in the same case by facsimile transmission; and
> (3) The time and manner of transmission comply with the requirements of § 15-6-6(a), unless otherwise established by the Court.

Plaintiffs' counsel stated at the hearing for the motion on sanctions that "[P]laintiffs faxed a memorandum to the defendants . . . ." Consequently, Plaintiffs consented, perhaps unintentionally, to service by facsimile under SDCL 15-6-5(f)(2). However, even if Plaintiffs did not consent to service in that form, we are unable to locate anything in the record indicating that Plaintiffs raised this argument below. It is therefore waived.

[¶20.] The court concluded that the depositions were properly noticed and Plaintiffs' counsel failed to seek a protective order. The court also found that sanctions were appropriate given Plaintiffs' and Plaintiffs' counsel's actions, which

constituted a violation of SDCL 15-6-37(d). Plaintiffs have not demonstrated that the circuit court's findings of fact are clearly erroneous.

[¶21.] "The authority of the trial court concerning sanctions is flexible and allows the court 'broad discretion with regard to sanctions imposed thereunder for failure to comply with discovery orders.'" *Schwartz v. Palachuk*, 1999 S.D. 100, ¶ 23, 597 N.W.2d 442, 447 (quoting *Chittenden & Eastman Co. v. Smith*, 286 N.W.2d 314, 316 (S.D. 1979)). Plaintiffs have not demonstrated that the circuit court abused its discretion in awarding sanctions.

## CONCLUSION

[¶22.] Based on the record, we affirm the circuit court's grant of summary judgment. We also affirm the award of sanctions because Plaintiffs have not shown the circuit court's findings to be clearly erroneous, that there was legal error, or that the court abused its discretion.

[¶23.] KONENKAMP, ZINTER, SEVERSON, and WILBUR, Justices, concur.