SEVERSON, Justice
(dissenting).
[¶ 26.] I respectfully dissent. Brown alleges that Stern Oil fraudulently induced him to enter into the MFSAs and the BIPs by verbally guaranteeing a five-cent profit on every gallon of fuel he sold. In addressing this issue, the circuit court concluded that the parties’ negotiations regarding the MFSAs and the BIPs, including the alleged verbal guarantee of a five-cent per gallon profit, was inadmissible parol evidence. Without the evidence of the alleged verbal guarantee, the circuit court held that Brown’s fraudulent inducement claim failed as a matter of law.
[¶ 27.] The parol evidence rule, codified at SDCL 57A-2-202, governs disputes involving agreements for the sale of goods. At the time of the hearing on Stern Oil’s motion for summary judgment, the statute provided as follows:
Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented
(a) By course of dealing or usage of trade (§ 57A-1-303) or by course of performance (§ 57A-2-208); and
(b) By evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.
SDCL 57A-2-202 (2008).
[¶ 28.] It is well settled that, when evidence is introduced to establish fraud as a ground for rescinding a contract, the parol evidence rule does not apply. Sabbagh v. Prof'l & Bus. Men’s Life Ins., Co., 79 S.D. 615, 116 N.W.2d 513, 520 (1962) (quoting 32 C.J.S. Evidence § 979); see Majority Opinion ¶ 11. Here, Brown sought to introduce evidence that Stern Oil fraudulently induced him to enter into the contracts by guaranteeing a five-cent profit on every gallon of fuel he sold. Such evidence is not barred by the parol evidence rule. Accordingly, I agree with the majority that the circuit court erroneously applied the parol evidence rule. But I do not believe our analysis ends with that determination.
[¶ 29.] In Muhlbauer v. Estate of Olson, we stated, “In considering a [circuit] court’s grant or denial of summary judgment, this Court will affirm only if all legal questions have been decided correctly.” 2011 S.D. 42, ¶ 7, 801 N.W.2d 446, 448 (quoting Bertelsen v. Allstate Ins. Co., 2011 S.D. 13, ¶ 15, 796 N.W.2d 685, 692-93). The majority cites Muhlbauer in support of its conclusion that the circuit court’s erroneous application of the parol evidence rule, by itself, is grounds for reversing the circuit court’s grant of summary judgment. Majority Opinion ¶ 12. I disagree. “It is a matter of settled law that this [C]ourt may affirm even where the circuit court reaches the correct result for the wrong reason.” Oldham-Ramona Sch. Dist. No. 39-5 v. Jensen, 503 N.W.2d *405 260, 264 (S.D.1993) (citing Anderson v. Somers, 455 N.W.2d 219 (S.D.1990)); see Schmiedt v. Loewen, 2010 S.D. 76, ¶ 20 n. 3, 789 N.W.2d 312, 318 n. 3 (“[A] trial court may still be upheld if it reached the right result for the wrong reason.” (quotation omitted)). “In fact, affirmance is suitable if any legal basis exists to support the court’s decision.” Horne v. Crozier, 1997 S.D. 65, ¶ 5, 565 N.W.2d 50, 52 (citing St. Paul Fire & Marine Ins. v. Schilling, 520 N.W.2d 884, 886 (S.D.1994); Waddell v. Dewey Cnty. Bank, 471 N.W.2d 591, 593 (S.D.1991)). In this case, I believe a legal basis exists to affirm the circuit court’s decision.
[¶ 30.] This Court has held that “entry of summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial.” Danielson v. Hess, 2011 S.D. 82, ¶ 8, 807 N.W.2d 113, 115 (quoting Dakota Indus., Inc. v. Cabela’s.com, Inc., 2009 S.D. 39, ¶ 11, 766 N.W.2d 510, 513). “Sufficient evidence requires establishment of a prima facie case.” Fin-Ag, Inc. v. Pipestone Livestock Auction Mkt., Inc., 2008 S.D. 48, ¶ 33, 754 N.W.2d 29, 43 (citing Mushitz v. First Bank of S.D., N.A., 457 N.W.2d 849, 859 (S.D.1990)). “A prima facie case has been established when there are facts in evidence which if unanswered would justify persons of ordinary reason and fairness in affirming the question which the plaintiff is bound to maintain.” Id. (quoting Sandner v. Minnehaha Cnty., 2002 S.D. 123, ¶ 13, 652 N.W.2d 778, 783). The majority notes that, under SDCL 53-4-5, “[a]ctual fraud is always a question of fact.” See Ehresmann v. Muth, 2008 S.D. 103, ¶ 20, 757 N.W.2d 402, 406 (noting that “[questions of fraud and deceit are generally questions of fact and as such are to be determined by the jury”). But this statutory provision does not relieve plaintiffs of their duty to “show that they will be able to place sufficient evidence in the record at trial to support findings on all the elements on which they have the burden of proof.” Clark Cnty. v. Sioux Equip. Corp., 2008 S.D. 60, ¶ 8, 753 N.W.2d 406, 409 (quoting Bordeaux v. Shannon Cnty. Sch., 2005 S.D. 117, ¶ 14, 707 N.W.2d 123, 127).
[¶ 31.] In order for Brown’s claim of fraudulent inducement to survive summary judgment, Brown must have submitted evidence sufficient to support a finding that his reliance upon Stern Oil’s alleged misrepresentation was justified.[13] See Martschinske v. Olympic Styles, Inc., 628 F.Supp. 231, 239 (D.S.D.1984), aff'd sub nom. Martschinske v. Olympic Styles, 774 F.2d 1172 (8th Cir.1985) (recognizing justifiable reliance as a necessary element of a claim for fraudulent inducement under SDCL 53-4-5). Even accepting Brown’s version of the facts as true, I believe Brown has failed to submit evidence to support such a finding.
*406 [¶ 32.] It is undisputed that Stern Oil did not set the fuel prices at the gas stations Brown owned. The profit margin Brown realized on the sale of fuel was ultimately dependant upon the price Brown chose to charge his customers. Since Stern Oil could not control the price of the .fuel Brown sold, Brown could not have justifiably relied upon Stern Oil’s alleged verbal guarantee of a five-cent,per gallon profit.
[¶ 33.] Moreover, Stern Oil’s alleged verbal guarantee of a five-cent per gallon profit constitutes a promise as to future events. The failure to perform a promise does not, standing alone, amount to fraud. Under SDCL 53-4-5(4), the promise must have been made “without any intention of performing it.” The record in this case is devoid of evidence that Stern Oil did not intend to perform its promise at the time it allegedly guaranteed Brown would realize a five-cent profit on every gallon of fuel he sold. See Weitzel v. Sioux Valley Heart Partners, 2006 S.D. 45, 714 N.W.2d 884 (affirming the circuit court’s dismissal of an employee’s claim of fraud against his employer because the employee failed to allege facts to show that the employer made a promise of employment without an intention of performing).
[¶ 34.] In opposing a motion for summary judgment, the nonmoving party “must present specific facts showing that a genuine, material issue for trial exists.” Robinson v. Ewalt, 2012 S.D. 1, ¶ 7, 808 N.W.2d 123, 125 (quoting Murray v. Mansheim, 2010 S.D. 18, ¶ 4, 779 N.W.2d 379, 381-82). “Disputes of fact are not material unless they change the outcome of a case under the law.” Hall v. State ex rel. S.D. Dep’t of Transp., 2011 S.D. 70, ¶ 9 n. 3, 806 N.W.2d 217, 221 n. 3 (citing Jerauld Cnty. v. Huron Reg’l Med. Ctr., Inc., 2004 S.D. 89, ¶ 41 n. 4, 685 N.W.2d 140, 149 n. 4). Here, even if we accept as true Brown’s allegation that Stern Oil verbally guaranteed him a five-cent per gallon profit, this evidence does not change the outcome of the case. See Kjerstad Realty, Inc. v. Bootjack Ranch, Inc., 2009 S.D. 93, ¶ 15, 774 N.W.2d 797, 802 (“In reviewing a grant of summary judgment, we must accept the non-moving party’s version of the facts as true.”). Brown has failed to submit evidence sufficient to support a reasonable trier of fact’s finding that the elements of fraudulent inducement were present. Accordingly, I would hold that the circuit court did not err by granting Stern Oil summary judgment on Brown’s fraudulent inducement claim.

Breach of Contract Claim

[¶ 35.] Brown argues that the circuit court erred by granting Stern Oil summary judgment on its breach of contract claim. He argues that the MFSAs were not enforceable contracts .because they lacked a price term. SDCL 57A-2-305 addresses the enforceability of an agreement that leaves the price term open. The statute provides:
(1) The parties if they so intend can conclude a contract for sale even though the price is not settled. In such a case the price is a reasonable price at the time for delivery if:
(a) Nothing is said as to price; or
(b) The price is left to be agreed by the parties and they fail to agree; or
(c) The price is to be fixed in terms of some agreed market or other standard as set or recorded by a third person or agency and it is not so set or recorded.
(2) A price to be fixed by the seller or by the buyer means a price for him to fix in good faith.
(3) When a price left to be fixed otherwise than by agreement of the parties fails to be fixed through fault of one party the other may at his option treat *407 the contract as canceled or himself fix a reasonable price.
(4) Where, however, the parties intend not to be bound unless the price be fixed or agreed and it is not fixed or agreed there is no contract. In such a case the buyer must return any goods already received or if unable so to do must pay their reasonable value at the time of delivery and the seller must return any portion of the price paid on account.
SDCL 57A-2-305.
[¶ 36.] The open price fuel terms of the MFSAs allowed the seller, Stern Oil, to change the price term “at any time and without notice.” This effectively granted Stern Oil the right to fix the price term. Under SDCL 57A-2-305(2), parties to a contract may agree that price will be fixed by the seller in good faith. The majority takes issue with the fact that the MFSAs did not expressly require Stern Oil to fix the price term in good faith. But the plain language of SDCL 57A-2-305(2) does not require an open price term contract to include a contractual provision obligating the seller to fix the price in good faith. The statute merely imposes an obligation on the seller to exercise good faith in fixing the price term. See SDCL 57A-2-305(2) cmt. 3 (explaining that SDCL 57A-2-305(2) “rejects the uncommercial idea that an agreement that the seller may fix the price means that he may fix any price he may wish by the express qualification that the price so fixed must be fixed in good faith.... ”). The majority concludes that there are disputed questions of fact regarding whether Stern Oil set the price of its fuel in good faith. Yet Brown did not assert lack of good faith as a defense to Stern Oil’s breach of contract claim in the circuit court, and he has not raised this issue on appeal. Indeed, Brown did not argue below, and has not now asserted, that there are disputed questions of fact regarding whether Stern Oil set the price of its fuel in good faith. This issue is simply not before this Court. Therefore, it does not constitute a proper ground for reversal.[14]
[¶ 37.] Brown also argues that the parties’ course of dealing, including Stern Oil’s alleged verbal guarantee of a five-cent per gallon profit, is evidence that the parties did not intend to create open price term contracts. Brown raises this argument for the first time on appeal. In responding to Stern Oil’s motion for summary judgment, Brown argued that Stern Oil fraudulently induced him to enter into the MFSAs and the BIPs by verbally guaranteeing he would earn a five-cent profit on every gallon of fuel he sold. But Brown did not argue that Stern Oil’s alleged verbal guarantee of a five-cent per gallon profit was evidence that the parties did not intend to create open price term contracts. At the *408 hearing on Brown’s motion for reconsideration, Brown argued that the MFSAs were not valid and enforceable open price term contracts because there was no “ascertainable market standard” by which to determine a reasonable fuel price. But again, Brown did not seek to introduce extrinsic evidence regarding the parties’ intent to contract. This Court has “consistently held that [it] may not review theories argued for the first time on appeal.” Alvine Fam. Ltd. P’ship v. Hagemann, 2010 S.D. 28, ¶ 21, 780 N.W.2d 507, 514 (citing Boever v. Bd. of Accountancy, 526 N.W.2d 747, 750 (S.D.1995)). Because Brown did not argue to the circuit court that the parties’ course of dealing, including Stern Oil’s alleged verbal guarantee of a five-cent per gallon profit, was evidence that the parties did not intend to create open price term contracts, I would decline to address this argument on appeal.[15]
[¶ 38.] Brown next argues that under the terms of the MFSAs, Stern Oil was required to “offer to sell” a specified amount of fuel to Brown at prices that were to be determined by Stern Oil, but Brown was not required to purchase any amount of fuel from Stern Oil. Accordingly, Brown contends that the MFSAs were nothing more than unenforceable “agreements to agree.”
[¶ 39.] After reviewing the terms of the MFSAs, I find Brown’s argument to be without merit. The MFSAs set forth a maximum volume of fuel that Stern Oil was obligated to “offer to sell” Brown. However, in both MFSAs, Paragraph 4(c) explicitly stated that “[i]n each contract year, [Brown] must purchase from [Stern Oil] a minimum of seventy-five percent (75%) of the Maximum Annual Volume for Exxon-branded gasoline.” (Emphasis added.) The MFSAs provided that the maximum annual volume for the first contract year at Freeway Mobil was 1.38 million gallons of gasoline, and the maximum annual volume for the first contract year at Exxon Goode To Go was 1.5 million gallons of gasoline and 720,000 gallons of diesel. After the first contract year, the maximum annual volume of fuel was adjusted each year based on sales volume. The MFSAs clearly required Brown to purchase at least 75% of the maximum annual volume of fuel. Brown’s argument that he was not required to purchase any amount of fuel from Stern Oil is contrary to the express terms of the MFSAs.
[¶ 40.] The MFSAs contained an open price fuel term which provided that fuel prices were “subject to change by [Stern Oil] at any time and without notice.” Under SDCL 57A-2-305(2), parties to a contract may agree that price will be fixed by the seller in good faith. The record shows that Stern Oil consistently set the price of the fuel it sold to Brown and other customers at 1.5 cents above the rack price, plus tax and freight charges. Brown has not argued that Stern Oil failed to set the price of its fuel in good faith. I would *409 therefore hold that the MFSAs are valid open price term contracts under SDCL 57A-2-305(2). By refusing to purchase fuel from Stern Oil, Brown breached the terms of the MFSAs. The circuit court did not err in granting Stern Oil’s motion for summary judgment.
[¶ 41.] For these reasons, I respectfully dissent.
[¶ 42.] KONENKAMP, Justice, joins this dissent.

. SDCL 53-4-5 defines actual fraud in relation to contracts. The statute provides:
Actual fraud in relation to contracts consists of any of the following acts committed by a party to the contract, or with his connivance, with intent to deceive another party thereto or to induce him to enter into the contract:
(1)The suggestion as a fact of that which is not true by one who does not believe it to be true;
(2) The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believe it to be true;
(3) The suppression of that which is true by one having knowledge or belief of the fact;
(4) A promise made without any intention of performing it; or
(5) Any other act fitted to deceive.
SDCL 53-4-5.

. The issue of whether an agreement is an enforceable open price term contract must be distinguished from the issue of whether the seller set the price in good faith. While these issues are related, they are separate and distinct. A court or trier of fact must determine whether an agreement is an open price term contract before it considers whether the seller set the price of the contracted goods in good faith. If the seller failed to set the price in good faith, South Dakota law affords the buyer various potential remedies, including cancellation of the contract. SDCL 57A-2-305(3). But a seller’s breach of the good faith requirement of SDCL 57A-2-305(2) has no bearing on the initial determination of whether the parties' agreement constituted an open price term contract. In this case, Brown has not argued that there are disputed questions of fact regarding whether Stern Oil set the price of its fuel in good faith. Therefore, contrary to the majority’s insinuation otherwise, it is improper for this Court to reverse the circuit court's grant of summary judgment on this basis, even if this Court ’’dotes] not decide the issue of whether Stern Oil set the prices in good faith on the merits.” Majority Opinion ¶ 20 n. 10.

. As the majority notes, Comment 2 to UCC § 2-305 states that whether the parties intended to enter into a contract containing an open price term "is, in most cases, a question to be determined by the trier of fact.” But in this case, Brown did not argue to the circuit court that the parties did not intend to form an open price term contract. He argued only that the MFSAs were not valid and enforceable open price term contracts because there was no "ascertainable market standard” by which to determine a reasonable fuel price. In the alternative, Brown argued that he was fraudulently induced to sign the MFSAs. The circuit court found Brown's arguments to be without merit and granted summary judgment in favor of Stern Oil. Brown now seeks to present evidence of the parties’ intent for the first time on appeal. Because Brown failed to raise the issue of intent before the circuit court, the circuit court did not have the opportunity to address the issue. As such, I would not address the issue of the parties' intent to contract for the first time on appeal.