JOHNSON, Appellant, v. GRAFF, Respondant

(23 N. W.2d 166)

(File No. 8842. Opinion filed May 27, 1946.)

**Jones, Matthews & Fitzpatrick,** of Sioux Falls, for Plaintiff and Appellant.

**Danforth & Danforth,** of Sioux Falls, for Defendant and Respondent.

ROBERTS, J. October 20, 1936, the administrator of the Lars Engebretson estate secured an ex parte order from the county court empowering him to borrow $1,500 from the Corn Exchange Bank of Sioux Falls. The administrator executed and delivered to the bank an unsecured note for that amount due in six months. June 1, 1937, the administrator pursuant to a second ex parte order of the county court executed and delivered a renewal note due December 1, 1937, and signed "Lars Engebretson Estate, By A. N. Graff, Adm."

November 29, 1939, F. D. Johnson, trustee of the assets of the bank, instituted an action against A. N. Graff for judgment upon the note. Judgment in favor of the plaintiff was by this court reversed holding that the administrator was not personally liable to the bank on the note. Johnson v. Graff, 68 S. D. 562, 5 N. W.2d 33. Thereafter, on May 15, 1945, plaintiff in that action instituted the present suit against A. N. Graff, as administrator. After alleging the capacity of each of the parties and the obtaining of $1,500 from the bank for the purpose of supplementing estate funds to pay a judgment of $1,913.82 against the administrator, the complaint recites that a judgment of the circuit court of Minnehaha county rendered on September 8, 1941, and affirmed on appeal (Engebretson v. Graff, 68 S. D. 572, 5 N. W.2d 57), disallowed such payment. The complaint alleges that the "effect of such judgment of the circuit court was to surcharge the defendant with the amount wrongfully paid to settle such judgment and to require such administrator to refund the same to the administrator's account; * * * that the said judgment of the circuit court as affirmed by the

supreme court established the fact that there was no valid reason for the defendant obtaining the said bank loan, but notwithstanding such facts the defendant has not refunded the sum of One Thousand Five Hundred Dollars ($1,500.00) so borrowed, or any part thereof, and has not paid any interest thereon; * * * that the defendant has wrongfully retained such money since the date of said circuit court judgment of September 8, 1941," and that the "plaintiff is entitled to refund of said money with interest."

Defendant interposed an answer admitting that he obtained from the bank the sum of $1,500 for the purpose of paying what he supposed was a valid judgment against him as administrator, but alleges that the cause of action, if any, accruing to the plaintiff was barred by the six-year statute of limitations and that plaintiff having in the prior action abandoned any claim against the Lars Engebretson estate is now estopped from maintaining an action against defendant as administrator.

The court made findings of fact to the effect that the cause of action, if any, which plaintiff had against the defendant accrued during the year 1937, that there were no payments on the principal or of interest and that defendant made no promise in writing or otherwise subsequent to 1937 to pay the obligation. Based upon these findings the court concluded that the cause of action was barred by the statute of limitations and then entered judgment for defendant. From this judgment plaintiff appeals.

The controlling question in this case is whether the action was barred by the six-year statute of limitations. Contention is made by counsel for the plaintiff that defendant has held the money as a trustee of an express trust which had not been repudiated until the filing of the administrator's final account and petition for distribution on May 2, 1945. Plaintiff relies upon the case of Stianson v. Stianson, 40 S. D. 322, 167 N. W. 237, 6 A. L. R. 280, holding, in effect, that the statute of limitations does not begin to run in the case of an express trust of a continuing character until there has been a denial or repudiation of the trust.

Defendant on the other hand argues that the evidence shows merely that the relationship between the parties in the transaction was that of debtor and creditor and no fiduciary relationship existed. Much of the brief of counsel for plaintiff is taken up with discussion as to the duty of the administrator to refund the money. It is not claimed that the duty to refund arose because of the contract under which the money was obtained. The claim of counsel seems to be that defendant administrator has been required to account to the estate, that the money has actually been made a part of assets of the estate and that a judgment should be rendered against the defendant as administrator for refund of the money belonging to the plaintiff and wrongfully withheld from him.

 An express trust is created only if the trustor manifests an intention to create a trust and indicates with reasonable certainty the purpose of the trust, its subject matter and the beneficiaries. SDC 59.0105. All that can be inferred from the transaction between the Corn Exchange Bank and defendant was that the bank intended to loan the amount of money represented by the note. Plaintiff in support of the contention that defendant held title as trustee cites cases decided on substantially different facts. They are cases in which the acquisition or retention of the property was wrongful or a fiduciary relationship existed and the court found that there was an implied or constructive trust.

 Even if the facts were to be considered as creating an implied trust, plaintiff cannot prevail. The statute of limitations in case of an implied or constructive trust begins to run from the time the act was done by which the party became charged as trustee. Stianson v. Stianson, supra; City of Centerville v. Turner County, 25 S. D. 300, 126 N. W. 605. Plaintiff asserts that a "cause of action arose in September, 1941, when the circuit court disallowed the judgment payment and surcharged the defendant administrator with the money so paid out." An implied or constructive trust arises at the time of a wrongful acquisition.

3 Bogert, Law of Trusts and Trustees, § 474. The judgment of the court did not create an implied or constructive trust and did not affect the running of the statute of limitations if such trust existed.

The judgment appealed from is affirmed.

All the Judges concur.

MUNDT, Circuit Judge, sitting for POLLEY, J.