**STATE of Minnesota, Respondent,**

v.

**Andrea Renee WENZ, Appellant.**

**No. A09–1029.**

Court of Appeals of Minnesota.

March 16, 2010.

Lori Swanson, Attorney General, St. Paul, MN; and Roger Knutson, Plymouth City Attorney, Alina Schwartz, Assistant City Attorney, Eagan, MN, for respondent.

Steven J. Meshbesher, Kevin M. Gregorius, Meshbesher & Associates, P.A., Minneapolis, MN, for appellant.

Considered and decided by MINGE, Presiding Judge; BJORKMAN, Judge; and RANDALL, Judge.*

_____

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

## OPINION

MINGE, Judge.

Appellant challenges her conviction for driving without a valid driver's license, arguing that her vehicle is a "motorized foot scooter" that she claims does not require an operator's license or permit. We affirm.

## FACTS

In 2000, appellant's driver's license was cancelled as inimical to public safety. *See* Minn.Stat. § 171.04, subd. 1(d)(1) (2008). On advice that certain motorized foot scooters (MFS) were exempt from driver's license requirements, she purchased a two-wheeled vehicle with the following specifications: 50–cubic–centimeter engine, maximum speed of 30 miles per hour, and two tires each with an "inside" diameter (measured to the outside of the rim) of ten inches and an "outside" diameter (measured to the outside tire surface) of 15 inches.

While driving her vehicle in July 2008, appellant was stopped by a police officer. After learning that appellant's driver's license was cancelled, the officer impounded the vehicle and charged her under Minn. Stat. § 171.24, subd. 5 (2006).[1]

Appellant waived her right to a jury trial and submitted the matter to the district court on stipulated facts pursuant to Minnesota Rule of Criminal Procedure 26.01, subd. 3. The issue challenged by appellant and determined by the district court was whether appellant's vehicle qualified as a "motor vehicle" requiring a driver's license under Minn.Stat. § 171.24, subd. 5. The district court concluded that the vehicle did require a license and found appellant guilty. This appeal followed.

---

1. The district court dismissed a second charge of driving in violation of restricted driver's

## ISSUE

Does appellant's vehicle qualify as a motorized foot scooter as defined in Minn. Stat. § 169.01, subd. 4c (2006)?

## ANALYSIS

Appellant's sole argument on appeal is that her vehicle is an MFS as defined in section 169.01, subdivision 4c, and that, as such, it is exempt from the driver's license provisions of Minn.Stat. ch. 171. She emphasizes that Minn.Stat. § 169.225 (2006) explicitly allows 12–year–olds to operate MFSs, that 12–year–olds cannot obtain a driver's license, and that requiring a driver's license to operate such vehicles under chapter 171 would create a statutory inconsistency.

"Whether a statute has been properly construed is a question of law subject to de novo review." *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996). The application of a statute to established facts is a question of law that we review de novo. *State v. Bunde*, 556 N.W.2d 917, 918 (Minn.App.1996). Statutory interpretation is guided by caselaw and canons set forth in Minn.Stat. ch. 645 (2006).

We begin by considering whether appellant's vehicle is in fact an MFS. Chapter 169 defines an MFS as

> a device with handlebars designed to be stood or sat upon by the operator, and powered by an internal combustion engine or electric motor that is capable of propelling the device with or without human propulsion, and that has *either* (1) no more than two ten-inch or smaller diameter wheels *or* (2) an engine or motor that is capable of a maximum speed of 15 miles per hour on a flat surface with not more than one percent grade in any direction when the motor is

license, Minn.Stat. § 171.09, subd. (1)(d)(1) (2006).

engaged. An electric personal assistive mobility device, a motorized bicycle, and electric-assisted bicycle, or a motorcycle is not a motorized foot scooter. Minn.Stat. § 169.01, subd. 4c (emphasis added).

Because it is not disputed that appellant's vehicle is capable of a speed that exceeds 15 miles per hour on a flat surface, the issue hinges on the alternate characteristic of an MFS: the size of the wheel. By law, the vehicle's wheels must be ten inches in diameter or less to qualify as an MFS. *Id.* The district court found that "the scooter has ... a 10–inch rim with a 10–inch inside tire diameter and a 15–inch outside tire diameter." Thus, we must determine the meaning of *wheel* in the statute. If *wheel* includes the tires, the wheels on appellant's vehicle are over the ten-inch-diameter requirement and her vehicle is not an MFS.

"[W]ords and phrases are construed according to rules of grammar and according to their common and approved usage; but technical words and phrases ... are construed according to such special meaning or their definition." Minn.Stat. § 645.08, subd. 1 (2006). The term *wheel* is not a technical term, and no evidence suggests that the legislature was using a specialized definition of the term. *Wheel* is a common word that the average person can identify and define. As such, we adopt its ordinary and popular meaning unless obviously used in a different sense. *Arlandson v. Humphrey,* 224 Minn. 49, 55, 27 N.W.2d 819, 823 (1947).

Appellant asserts that the industry considers only the rim when measuring wheel diameter. However, we note that a leading dictionary defines a *wheel* as "[a] solid disk or a rigid circular frame, designed to turn around a central axle." *American Heritage College Dictionary* 1559 (4th ed.2002). Another dictionary defines a vehicle *wheel* as "each of two or more such appliances which support [the vehicle] and, by rolling upon the ground or other surface, enable it to move along with the least possible friction." *Compact Oxford English Dictionary* 2300 (2d ed.2007). This definition would include tires as a part of a vehicle's wheel. Tires are a necessary and affixed element of the "disk" that enables the vehicle to travel. Tires, not the rim, roll on the ground. A wheel includes the entire disk and not just the inside, rim portion.

Under this plain definition, we conclude that because appellant's vehicle has wheels that are 15 inches in diameter, it is not an MFS. Thus, we do not reach the question of whether the operator of an MFS is exempt from the driver's license requirements of Minn.Stat. ch. 171.

## DECISION

We affirm the conviction and the district court's determination that appellant's scooter is a motor vehicle requiring an operator's license pursuant to chapter 171.

**Affirmed.**