#25912-rev & rem-DG

**2012 S.D. 1**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

JILL ROBINSON formerly known
as JILL ROBINSON-KUCHTA,                            Plaintiff and Appellant,

    v.

MICHELLE M. MITCHELL,                              Defendant,

    and

CHELSEY A. EWALT,                                 Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
YANKTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE GLEN W. ENG
Judge

* * * *

WANDA HOWEY-FOX of
Harmelink, Fox
  & Ravnsborg Law Office
Yankton, South Dakota                             Attorneys for plaintiff
                                                  and appellant.


LARRY M. VON WALD of
Beardsley, Jensen and
  Von Wald, Prof LLC
Rapid City, South Dakota                          Attorneys for defendant
                                                  and appellee.

* * * *

CONSIDERED ON BRIEFS
ON OCTOBER 3, 2011

OPINION FILED **01/04/12**

#25912

GILBERTSON, Chief Justice

[¶1.] Jill Robinson and Chelsey Ewalt were involved in a car accident. Robinson sued Ewalt and attempted service of process a few days before the three-year statute of limitations expired, but Ewalt could not be located. Ewalt was eventually served almost one month after the statute of limitations had expired. Ewalt moved for summary judgment, and the circuit court granted Ewalt's motion. We reverse and remand.

## FACTS

[¶2.] On April 28, 2007, Robinson, Ewalt, and Michelle Mitchell were involved in a three-car accident in Yankton, South Dakota. Ewalt rear-ended Mitchell, who then rear-ended Robinson.

[¶3.] At the time of the accident, Ewalt was a seventeen-year-old high school student living in Gayville, South Dakota with her mother. Gayville is located in Yankton County. After graduating from high school in May 2008, Ewalt moved several times. Ewalt moved to Sioux Falls, South Dakota in June 2008 to work. Next, in September 2008, Ewalt moved to Volin, South Dakota and lived with her father. Volin is also located in Yankton County. In August 2009, Ewalt moved to Sioux City, Iowa to attend school. Finally, in December 2009, Ewalt moved to Watertown, South Dakota to attend a different school.[1] Ewalt has lived in Watertown since December 2009, which is located in Codington County.

---

1. When Ewalt first moved to Watertown, Ewalt stayed with her sister. A few months later, however, Ewalt obtained her own apartment.

-1-

[¶4.]    On April 23, 2010, just a few days before the three-year statute of limitations expired, Robinson sued both Mitchell and Ewalt. Robinson delivered the summons and complaint to the Yankton County Sheriff for service of process. Mitchell was served on April 24, 2010.

[¶5.]    The Yankton County Sheriff unsuccessfully attempted to serve Ewalt in Yankton County. At some point, Ewalt and the Yankton County Sheriff's office communicated, and Ewalt stated that she would personally pick up the papers. However, Ewalt never retrieved the summons and complaint, so the Yankton County Sheriff's office contacted Ewalt to follow up. Ewalt indicated that she lived in Watertown. The Yankton County Sheriff's office then faxed the summons and complaint to the Codington County Sheriff's office. Ewalt was finally served by the Codington County Sheriff on May 25, 2010.

[¶6.]    Ewalt answered and moved for summary judgment arguing that the statute of limitations barred Robinson's claim. The circuit court held a hearing and granted Ewalt's summary judgment motion. Robinson appeals. We address whether the circuit court erred in granting summary judgment.[2]

## STANDARD OF REVIEW

[¶7.]    This Court reviews summary judgment proceedings under the following standard of review:

> We must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The

---

2.    We do not address Robinson's argument that Ewalt is equitably estopped from raising the statute of limitations defense because we reverse the circuit court on the summary judgment issue.

evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

*Murray v. Mansheim*, 2010 S.D. 18, ¶ 4, 779 N.W.2d 379, 381-82. Furthermore, where a statute of limitations defense is raised in a summary judgment proceeding,

The burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. When faced with "'a summary judgment motion where the defendant asserts the statute of limitations as a bar to the action and presumptively establishes the defense by showing the case was brought beyond the statutory period, the burden shifts to the [nonmoving party] to establish the existence of material facts in avoidance of the statute of limitations[.]'" It is well settled that "'[s]ummary judgment is proper on statute of limitations issues only when application of the law is in question, and not when there are remaining issues of material fact.'" Generally, a statute of limitations question is left for the jury; however, deciding what constitutes accrual of a cause of action is a question of law and reviewed de novo.

*Id*. ¶ 5 (citations omitted).

## ANALYSIS

[¶8.] Robinson contends that the circuit court erred in granting Ewalt's summary judgment motion. Robinson argues that Ewalt "usually resided" in Yankton County because Ewalt lived with her parents in Yankton County during portions of the statutory period. Robinson also argues that Ewalt used a Yankton County address as her "home address" for her driver's license, tax filings, and

banking documents.[3] Thus, Robinson argues that the sixty-day extension for service of process provided by SDCL 15-2-31 applies in this case because Robinson delivered the summons to the Yankton County Sheriff, the sheriff of the county where Ewalt "usually or last resided," before the statute of limitations expired.

[¶9.] Ewalt responds that she "usually *and* last resided" in Codington County rather than Yankton County. Ewalt argues that an address and a residence are two separate concepts and what address she used is not indicative of where she "usually or last resided." Ewalt contends that the standard for determining an individual's voting residence provides guidance to this issue. Ewalt further notes that she had not lived in Yankton County for eight months when Robinson delivered the summons to the Yankton County Sheriff. Thus, Ewalt argues that the circuit court correctly held that the sixty-day extension for service of process does not apply in this case because Robinson delivered the summons to a sheriff in the wrong county. Ewalt concludes that without the sixty-day extension, Robinson failed to serve Ewalt within the statute of limitations and for that reason, the circuit court did not err in granting Ewalt's summary judgment motion.

[¶10.] Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

---

3. Robinson notes that Ewalt applied for a new driver's license in September 2010 and used a Codington County address at that time. Robinson emphasizes that Ewalt's original license with a Yankton County address was not to expire until 2011. Robinson contends that Ewalt's early application for a new license shortly after service of process was an attempt to establish a Codington County residence solely for purposes of a favorable ruling on Ewalt's summary judgment motion. Ewalt responds that she renewed her license at that time because it had been revoked in January 2010.

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." SDCL 15-6-56(c). "A disputed fact is not 'material' unless it would affect the outcome of the suit under the governing substantive law in that a 'reasonable jury could return a verdict for the nonmoving party.'" *Gul v. Ctr. for Family Med.*, 2009 S.D. 12, ¶ 8, 762 N.W.2d 629, 633 (quoting *Weitzel v. Sioux Valley Heart Partners*, 2006 S.D. 45, ¶ 17, 714 N.W.2d 884, 891). Statute of limitations questions are generally for a jury to decide. *Murray*, 2010 S.D. 18, ¶ 5, 779 N.W.2d at 382. Therefore, "summary judgment is proper on statute of limitations issues only when the application of the law is in question, and not when there are remaining issues of material fact." *Id.* "All reasonable inferences drawn from the facts must be viewed in favor of the non-moving party." *Danielson v. Hess*, 2011 S.D. 82, ¶ 8, __ N.W.2d __, __ (quoting *Gail M. Benson Living Trust v. Physicians Office Bldg., Inc.*, 2011 S.D. 30, ¶ 9, 800 N.W.2d 340, 342-43).

[¶11.]     Personal injury actions must be commenced within the applicable three-year statute of limitations. SDCL 15-2-1, -14. An action is commenced when a plaintiff serves a defendant with a summons. SDCL 15-2-30. "The summons may be served by the sheriff . . . where the defendant may be found[.]" SDCL 15-6-4(c).

[¶12.]     South Dakota law provides a sixty-day extension for accomplishing service of process under certain circumstances. *See* SDCL 15-2-31. "An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff . . . of the county in which the defendants or one of them, *usually or last resided*[.]"

*Id.* (emphasis added). "Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days." *Id.*

[¶13.]      In this case, the accident occurred on April 28, 2007 and the three-year statute of limitations for Robinson's personal injury action ran on April 29, 2010. *See* SDCL 15-6-6(a) (providing that the day of the event is not included when computing the statute of limitations period). Ewalt was served on May 25, 2010. Therefore, Ewalt was not served within the statute of limitations.

[¶14.]      However, a question of fact remains regarding whether Ewalt "usually or last resided" in Codington County or Yankton County. Ewalt moved several times throughout the three-year period. As the record indicates, Ewalt lived with her mother in Gayville for the first year, worked in Sioux Falls for about four months, then lived with her father in Volin for just under a year, attended school in Sioux City for four months, and attended school in Watertown for the remaining portion of the statutory period. In addition, Robinson notes Ewalt's use of a Yankton County address for banking, tax, and other documents. Thus, although the parties do not dispute the facts in this case, the parties dispute the inferences drawn from the facts.

[¶15.]      A jury's determination regarding the county where Ewalt "usually or last resided" would control the applicability of SDCL 15-2-31 and the sixty-day extension period, which would determine whether the statute of limitations barred Robinson's claim. Thus, the factual question of Ewalt's residence is material because it would affect the outcome of the litigation. Therefore, because a material question of fact remains, the circuit court's granting of summary judgment in this

case was improper.  We reverse and remand this case for a trial on the question of

Ewalt's usual place of residence.

[¶16.]       Reversed and remanded.

[¶17.]       KONENKAMP, ZINTER, SEVERSON, and WILBUR, Justices, concur.