#27034-a-JKK

**2015 S.D. 5**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

IN THE MATTER OF THE MATHENY FAMILY TRUST.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE  FIFTH JUDICIAL CIRCUIT
SPINK COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE TONY L. PORTRA
Judge

* * * *

ZACHARY W. PETERSON of
Richardson, Wyly, Wise,
  Sauck & Hieb LLP
Aberdeen, South Dakota

Attorneys for petitioner
and appellant Karen Bridges.

MICHAEL J. SCHAFFER
PAUL H. LINDE of
Schaffer Law Office Prof. LLC
Sioux Falls, South Dakota

Attorneys for respondents and
appellees C. Wayne Matheny
and Donna Matheny.

* * * *

CONSIDERED ON BRIEFS
JANUARY 12, 2015

OPINION FILED **01/28/15**

#27034

KONENKAMP, Retired Justice

[¶1.] In this Trust action, one trustee (the sister) sued her co-trustee (the brother) for undue influence on his contract for deed with their mother. Granting summary judgment for the brother, the circuit court held that the sister's claim was barred by the statute of limitations. In addition, the court ruled that the statute of frauds barred the sister's later-asserted claim that an oral agreement existed between the parties.

## Background

[¶2.] C. Wayne Matheny and Karen Bridges are siblings. Their mother and father (Annabelle and Carroll) established the Matheny Family Trust (Trust) in 1993 and were the designated trustees. After Carroll's death in 1997, Annabelle continued as trustee. In July 2004, Annabelle entered into a contract for deed with Wayne for the sale of 480 acres of trust farmland in Spink County, South Dakota for $600 an acre. Karen was aware of the contract and the sale price. In January 2009, Annabelle died. Wayne and Karen became co-trustees. Although Wayne initially resisted, the parties eventually stipulated for court supervision of the Trust.

[¶3.] Within the Trust action, Karen sued Wayne and his wife, Donna. Karen alleged that the sale price in the contract for deed between Wayne and Annabelle in 2004 "was grossly disproportionate to the subject real estate's actual value." She claimed that Wayne and Donna exercised undue influence for the purpose of gaining an unfair advantage in the purchase. Karen asserted that because of the undue influence, Wayne and Donna "became implied trustees of the subject real estate[,]" and as implied trustees, they breached their fiduciary duties

-1-

when they exercised undue influence and failed to preserve the assets of the Trust. She sought, among other things, a judgment against Wayne and Donna for rescission and damages.

[¶4.]     Wayne moved for summary judgment on the grounds that the statute of limitations expired on Karen's claim of undue influence and that any oral agreement associated with the contract for deed was barred by the statute of frauds. In his statement of undisputed material facts, Wayne claimed that Karen was aware of and did not object to the 2004 contract for deed and its terms. He also denied that an oral side agreement existed with Karen. Karen conceded that she was aware of the contract for deed and its terms in 2004. But she "consented to this sale on the condition that an appraisal be conducted at the time of Annabelle's death and that the parties receive an equal share of the estate based upon that appraisal despite the contract for deed price."

[¶5.]     In granting summary judgment, the court concluded that there was no material issue of fact in dispute that Karen knew of the terms of the contract for deed in 2004 and did not object to those terms. Because Karen did not assert her claim of undue influence until more than six years from the time of the alleged wrongdoing, the court concluded that the statute of limitations expired on her claim. SDCL 15-2-13. The court further ruled that the statute of frauds applied to Karen's claimed oral agreement that after Annabelle's death Wayne would appraise the land sold to him. In the court's reasoning, the oral agreement was unenforceable because "[a]n agreement for sale of real estate or an interest therein" must be "in writing[.]" SDCL 53-8-2(3).

[¶6.]    Karen appeals arguing that the circuit court erred when it ruled that her claim of undue influence was barred by the statute of limitations and that the statute of frauds barred her claim on an oral agreement she had with Wayne.

## Analysis and Decision

[¶7.]    We review an order granting summary judgment de novo and determine "whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law." *Law Capital, Inc. v. Kettering*, 2013 S.D. 66, ¶ 10, 836 N.W.2d 642, 645 (citing SDCL 15-6-56(c); *Horne v. Crozier*, 1997 S.D. 65, ¶ 5, 565 N.W.2d 50, 52). Similarly, we decide de novo when an action accrues. *Robinson v. Ewalt*, 2012 S.D. 1, ¶ 7, 808 N.W.2d 123, 125-26 (quoting *Murray v. Mansheim*, 2010 S.D. 18, ¶ 5, 779 N.W.2d 379, 382).

[¶8.]    Karen first contends that the court erred when it held that the statute of limitations barred her claim that Wayne exerted undue influence over Annabelle on the 2004 contract for deed. She cites *Meyer v. Kneip*, which held that in cases involving a constructive trust imposed against one who wrongfully acquires property through undue influence, the statute of limitations begins to run at the time of the wrongful acquisition. 457 N.W.2d 463, 467 (S.D. 1990) (quoting *Johnson v. Graff*, 71 S.D. 231, 234, 23 N.W.2d 166, 168 (1946)). In Karen's view, the wrongful acquisition did not occur until 2009 because Wayne did not acquire *legal* title to the land in 2004 under the contract for deed. Wayne, on the other hand, contends that it is immaterial that he held equitable title to the property in 2004. As the equitable title holder, he could use and possess the land as he saw fit, and therefore, any alleged undue influence occurred when he acquired equitable title.

[¶9.]     In *Anderson v. Aesoph*, we acknowledged that the vendor in a contract for deed holds the legal title to the property and the vendee holds an equitable title. 2005 S.D. 56, ¶ 21, 697 N.W.2d 25, 31 (quoting *First Fed. Sav. & Loan Ass'n of Storm Lake v. Lovett*, 318 N.W.2d 133, 135 (S.D. 1982)).  Karen directs us to no authority declaring that the statute of limitations only begins to run when the alleged wrongful acquirer obtains legal title.  As a holder of an equitable title in the property, Wayne had the right to possess and use the property and was "for all practical purposes" the owner of the property.  *See Renner v. Crisman*, 80 S.D. 532, 537, 127 N.W.2d 717, 719 (1964).  Here, whether she was entitled to any notice or not, Karen does not dispute that she was aware of the contract for deed and its terms in 2004.  Thus, under SDCL 15-2-13, Karen had six years from the date of the contract for deed to assert her claim of undue influence against Wayne and Donna.  Because Karen failed to timely bring her claim, the court did not err when it ruled that Karen's claim against Wayne for undue influence was barred by the statute of limitations.

[¶10.]     Karen next alleges error when the court ruled that the oral agreement she had with Wayne to appraise the land after Annabelle's death was unenforceable because it was not in writing as required by SDCL 53-8-2(3).  To Karen, Wayne's promise to appraise the land after Annabelle's death does not implicate the statute of frauds because it relates only to the value of land and "does not change the price term, or any part, of the contract for deed established between Wayne and Anabelle."  Moreover, she believes that her agreement with Wayne was "wholly

separate" from the contract between Wayne and Annabelle, since she was not a party to that agreement.

[¶11.]    Certain contracts are required to be in writing to be enforceable, including "[a]n agreement for sale of real estate or an interest therein[.]" SDCL 53-8-2(3). This case is unique in that Wayne and Karen's alleged oral agreement only indirectly involved the sale of or interest in real estate. Karen was not the buyer or seller under the 2004 contract for deed; she seeks not to acquire an ownership interest in the land sold under the contract. Yet, from our review of the record and the posture of this case, Karen wants to enforce an agreement for the sale of real estate or an interest therein. She brought her claim against Wayne in this Trust action, specifically seeking to have the contract for deed rescinded, to increase the value of the Trust estate based on the appraised value of the land, and to receive her proportionate share of the land's appraised value. Her claim is not separate from the agreement between Annabelle and Wayne. In fact, Karen maintains that she would not have agreed to Wayne's purchase of the property in 2004 had he not made a promise to appraise the land. Because she seeks to enforce her asserted interest in the sale of real estate, the circuit court correctly ruled that Karen's claim was barred by the statute of frauds.

[¶12.]    Affirmed.

[¶13.]    GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.

[¶14.]    KERN, Justice, not having been a member of the Court at the time this action was assigned to the Court, did not participate.