#28017-a-SLZ

**2017 S.D. 40**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

IN RE:  THE ELIZABETH A.
BRIGGS REVOCABLE LIVING TRUST.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
SANBORN COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JON R. ERICKSON
Judge

* * * *

MARY A. AKKERMAN
NICOLE O. TUPMAN of
Lindquist & Vennum, LLP
Sioux Falls, South Dakota                    Attorneys for petitioner and
                                             appellant, Thomas F. Briggs.


SHEILA S. WOODWARD
PAUL T. VAN OLSON of
Johnson, Miner, Marlow,
    Woodward & Huff, LLC
Yankton, South Dakota                        Attorneys for trustee and
                                             appellee, Judith Briggs.

* * * *

CONSIDERED ON BRIEFS
ON MAY 30, 2017

OPINION FILED 06/28/17

#28017

ZINTER, Justice

[¶1.]        SDCL 55-4-57(a) limits the time to commence a judicial proceeding

contesting "whether a revocable trust or any amendment thereto, or an irrevocable

trust was validly created."  Settlor amended her revocable trust to expressly

disinherit her son.  Following settlor's death, her son commenced this action to

invalidate the amendments on the grounds that settlor lacked capacity and was

unduly influenced.  Son also requested an accounting and made a claim for breach

of fiduciary duty.  Son, however, commenced the action more than sixty days after

he received an SDCL 55-4-57(a)(2) notice that he had sixty days to commence a

judicial proceeding regarding the trust.  We affirm the circuit court's dismissal of

the lack-of-capacity and undue-influence claims as untimely.  We affirm the

dismissal of the breach-of-fiduciary-duty claim and the request for an accounting on

other grounds.

<em>Facts and Procedural History</em>

[¶2.]        Judith and Thomas Briggs are the two children of Willard and

Elizabeth Briggs.  On November 28, 1995, both Willard and Elizabeth executed

several estate planning documents, including separate revocable trusts.  Elizabeth

amended her trust on two occasions.  In 2009, she amended it to expressly remove

Thomas as a beneficiary and provide that her assets were to be distributed to

Judith after Elizabeth's death.  The amended trust stated: "Grantor has purposely

omitted her son, Thomas F. Briggs, from any provisions hereunder for reasons

known to him and also for reasons identified in a letter which Grantor has signed

and directed her attorney to retain and deliver to her son, Tom, at Grantor's

-1-

demise." In 2012, Elizabeth amended her trust to expressly omit Thomas's daughter.

[¶3.] Elizabeth died on July 16, 2013. On August 15, 2013, an attorney for Elizabeth's trust and estate sent Thomas a letter informing him of his mother's death and that she had left him no property.[1] Pursuant to SDCL 55-4-57(a)(2), the attorney also sent Thomas a copy of the trust documents, the trustee's name and address, and a "Notice of Time for Commencing Judicial Proceedings." The notice advised Thomas that he had sixty days to commence any judicial proceeding regarding the trust.

[¶4.] Thomas did not file this petition to contest Elizabeth's two trust amendments within sixty days. Instead, he emailed the Sanborn County clerk of courts and the trust's attorney. The email contained an unsigned, pro se "Notice of Objection to the Trust Instrument for Elizabeth A. Briggs."[2] The notice did not, however, identify what the objection was or any reason for it; and it contained no request for relief. It merely stated that Thomas was "giving notice of objection to the trust instruments." Because there was no file opened regarding Elizabeth's trust, the clerk filed Thomas's notice in a miscellaneous file folder. Thomas was aware that no court file was opened.

---

1. Thomas did receive an interest in real estate upon Elizabeth's death. Willard and Elizabeth deeded Thomas eighty acres of land in 1990 but reserved a life estate, which terminated on Elizabeth's death.

2. The email was sent on October 15, 2013. Thomas also mailed the Notice of Objection to the trust's attorney via certified mail. The mail receipt was dated October 16, 2013.

[¶5.] On April 18, 2015—611 days after Thomas received notice that he had sixty days to commence a judicial proceeding—Thomas commenced this proceeding to contest the trust amendments. He alleged the amendments were invalid because Elizabeth lacked capacity and was unduly influenced by Judith, who was a beneficiary and the trustee. Thomas's petition also included a claim that Judith breached her fiduciary duty and requested that Judith "be held liable for any and all damages caused by the breach of her fiduciary duties." Thomas did not, however, name Judith as a party defendant or commence an action against her in her individual capacity. Finally, Thomas's petition contained a request for an accounting.

[¶6.] Judith in her capacity as trustee moved to dismiss the petition. She contended that Thomas's claims were barred by SDCL 55-4-57(a)'s time limitations for commencing a judicial proceeding. The circuit court granted the motion and dismissed the petition. The court concluded that although Thomas sent his Notice of Objection within sixty days, he did not commence a judicial proceeding. The court also ruled that the doctrines of substantial compliance and equitable estoppel did not apply. Thomas appeals.[3]

*Decision*

[¶7.] Thomas first argues the circuit court erroneously interpreted SDCL 55-4-57(a) as a statute of limitations that barred his claims. He contends his action

---

3.  "A motion to dismiss tests the legal sufficiency of the pleading, and therefore, we review the grant of a motion to dismiss de novo." *Sisney v. State*, 2008 S.D. 71, ¶ 8, 754 N.W.2d 639, 643. "Statutory interpretation is a question of law," which we also review de novo. *Hass v. Wentzlaff*, 2012 S.D. 50, ¶ 12, 816 N.W.2d 96, 101.

should be governed by the general six-year statute of limitations in SDCL 15-2-13.
In response, Judith argues SDCL 55-4-57(a) operates as both a statute of
limitations and a statute of repose that bar all of Thomas's claims.

[¶8.]     This is our first opportunity to address SDCL 55-4-57(a), which was
enacted in 2010 and amended in 2013.  Subsection (a) limits the time to contest
whether certain trusts were validly created.  It provides in relevant part:

> (a) A judicial proceeding to contest whether a revocable trust or
> any amendment thereto, or an irrevocable trust was validly
> created may not be commenced later than the first to occur
> of:
>
>> (1) One year after the settlor's death; [or]
>>
>> (2) Sixty days after the trustee, trust advisor, trust
>> protector, or the settlor sent the person who is
>> contesting the trust a copy of the trust instrument and
>> a notice informing the person of the trust's existence,
>> of the trustee's name and address, and of the time
>> allowed for commencing a proceeding . . . .

SDCL 55-4-57(a)(1)–(2).

[¶9.]     These subsections plainly impose time limits for commencing judicial
proceedings to contest whether the designated trusts and amendments were validly
created.  If a settlor dies, subsection (a)(1) gives the contestant one year from the
settlor's death.  Subsection (a)(2), however, prescribes a shorter sixty-day limit if
the contestant has been given a copy of the trust instrument, notice of the trust's
existence, notice of the trustee's name and address, and notice of the time allowed
for commencing a proceeding.  The purpose of SDCL 55-4-57(a), which is very
similar to section 604 of the Uniform Trust Code, is to set "a time limit on when a
contest can be brought" and "allow an adequate time in which to bring a contest

while at the same time permitting the expeditious distribution of the trust property following the settlor's death." *See* Unif. Trust Code § 604 & cmt. (Unif. Law Comm'n 2000).[4] We conclude that subsections (1) and (2) operate as a statute of limitations or statute of repose[5] that bar untimely judicial proceedings contesting the valid creation of trusts and trust amendments.

[¶10.]     Thomas, however, contends SDCL 55-4-57(a) does not bar his claims asserting lack of capacity and undue influence. In his view, the question whether a trust was *validly created* only concerns "whether the trust was actually formed or properly in existence." We disagree because the creation of a trust involves more than document formalities: there must also be "[a]n intention on the part of the trustor to *create*" the trust. SDCL 55-1-4 (emphasis added). And if the trustor lacked capacity or was unduly influenced, the trustor also lacked the intention to

---

4.     Although South Dakota has not adopted the Uniform Trust Code, SDCL 55-4-57(a) adopted language from UTC section 604(a). Before it was amended in 2013, the opening sentence of SDCL 55-4-57(a) copied section 604(a) nearly verbatim. *Compare* 2010 S.D. Sess. Laws ch. 232, § 11 ("Any judicial proceeding to contest the validity of a trust that was revocable at the settlor's death shall be commenced within the earlier of . . . ."), *with* Unif. Trust Code § 604(a) ("A person may commence a judicial proceeding to contest the validity of a trust that was revocable at the settlor's death within the earlier of . . . .").

5.     SDCL 55-4-57(a)(1) may operate as a statute of repose in some cases. "A statute of repose bars all actions after a specified period of time has run from the occurrence of some event other than the occurrence of an injury that gives rise to a cause of action." *Peterson ex rel. Peterson v. Burns*, 2001 S.D. 126, ¶ 41, 635 N.W.2d 556, 570. SDCL 55-4-57(a)(1) bars claims contesting the validity of revocable and irrevocable trusts one year after the settlor's death, regardless of when the injury arose or when the person received notice.

create a valid trust.[6] *See In re Estate of Linnell*, 388 N.W.2d 881, 885 (S.D. 1986) ("[W]hen a testamentary instrument, through undue influence, substitutes the wishes of another for those of the testator, the instrument is invalid."); *In re Lanning*, 1997 S.D. 81, ¶¶ 8, 15, 565 N.W.2d 794, 795, 797 (denying proposed trust amendments because testator lacked capacity); *see also* Amy Morris Hess *et al.*, *Bogert's The Law of Trusts and Trustees* § 44 (Westlaw, database updated June 2017) (stating settlor must have the legal capacity to create a trust and that trust creation may fail due to undue influence). Because lack of capacity and undue influence negate the valid creation of trusts, SDCL 55-4-57(a) applies to such claims.[7]

[¶11.]        Thomas, however, also points out that lack of capacity and undue influence claims are arguably governed by two statutes of limitation: the six-year period in SDCL 15-2-13, and the shorter periods in SDCL 55-4-57(a). He stresses that the longer statute has been applied in some incapacity and undue influence cases. *See In re Matheny Family Tr.*, 2015 S.D. 5, ¶ 9, 859 N.W.2d 609, 611 (contract for deed); *Delany v. Delany*, 402 N.W.2d 701, 704-05 (S.D. 1987) (real property deeds). But by its own terms, SDCL 15-2-13 is a general statute of limitations that does not apply "where, in special cases, a different limitation is

---

6.    Thomas also argues that he is merely contesting "the change in terms of the Elizabeth trust, not whether it was validly created." However, a "change in terms" is an "amendment" within the meaning of SDCL 55-4-57(a).

7.    Notably, the UTC uses claims of undue influence and lack of capacity as specific examples of claims that are subject to section 604(a)'s time limits. Unif. Trust Code § 604 cmt.

prescribed by statute," and this trust contest is a special case specifically governed by SDCL 55-4-57(a).  Therefore, SDCL 15-2-13 does not apply.

[¶12.]     Thomas alternatively contends that his pro se Notice of Objection substantially complied with the requirements of SDCL 55-4-57(a) and that the statute's time limitations were equitably tolled.  However, neither doctrine applies.  Because SDCL 55-4-57(a) is a statute of limitations, strict compliance is required and the "doctrines of substantial compliance [and] equitable tolling [may not be] invoked to alleviate a claimant from a loss of his right to proceed with a claim." *Murray v. Mansheim*, 2010 S.D. 18, ¶ 21, 779 N.W.2d 379, 389.

[¶13.]     Additionally, even if Thomas could assert those doctrines, his Notice of Objection did not substantially comply with SDCL 55-4-57(a), and he has failed to show why the statute should be equitably tolled.  "Substantial compliance cannot be shown unless the purpose of the statute has been served."  *State v. Arguello*, 2015 S.D. 103, ¶ 12, 873 N.W.2d 490, 495.  As previously noted, the purpose of SDCL 55-4-57(a) is to facilitate the expeditious administration of trusts by limiting the time period to commence a trust contest.  But here, Thomas's Notice of Objection did not identify his objection, and he made no claim for relief.  Without identifying an objection and actually commencing a judicial proceeding, the purpose of SDCL 55-4-57(a) was frustrated rather than served.  So also, equitable tolling is unavailable because if it is applicable at all, it is "limited to situations where extraordinary circumstances, truly beyond the plaintiff's control, exist to prevent timely filing."  *Stern Oil Co. v. Border States Paving, Inc.*, 2014 S.D. 28, ¶ 21, 848 N.W.2d 273, 280.  But here, Thomas has not identified any extraordinary

circumstance beyond his control that prevented a timely trust contest.[8] We hold that Thomas's petition to invalidate the amendments on the grounds of undue influence and lack of capacity was barred by SDCL 55-4-57(a).

[¶14.] Thomas next contends that even if the foregoing claims are barred, the circuit court erred in dismissing his claim for damages against Judith for breach of fiduciary duty. We disagree. A claim for breach of fiduciary duty sounds in tort, *O'Toole v. Bd. of Trs. of S.D. Ret. Sys.*, 2002 S.D. 77, ¶ 17, 648 N.W.2d 342, 347, and Thomas's petition is based on the theory that Judith wrongly used her position as Elizabeth's caretaker—not as the trustee[9]—to unduly influence Elizabeth to execute the amendments. Because Thomas has not argued that the trust is liable for Judith's alleged tort, the threshold question is whether Thomas may assert his tort claim against Judith in this proceeding regarding the trust. He may not because the record does not reflect that he commenced an action against Judith in her individual capacity or moved to join her as a party defendant. *See Spiska Eng'g, Inc. v. SPM Thermo-Shield, Inc.*, 2011 S.D. 23, ¶¶ 8-10, 798 N.W.2d 683, 686-87 (concluding that the court had no power to adjudicate a claim against third party because the court lacked *in personam* jurisdiction over a putative defendant who

---

8.  Thomas points out that he was acting pro se and claims that he reasonably and in good faith believed he was complying with the law when he submitted his notice. However, he did not commence this proceeding for almost two years, and "imprudent legal practice is not reasonable conduct and [does] not invoke equitable tolling." *AEG Processing Ctr. No. 58, Inc. v. S.D. Dep't of Revenue & Regulation*, 2013 S.D. 75, ¶ 24, 838 N.W.2d 843, 850.

9.  The amendments were executed before Elizabeth's death, and Judith had no trustee powers at that time. Under the terms of the trust, Judith was an alternate trustee whose powers did not come into existence until Elizabeth's death.

was not made a party defendant and was not served with the complaint).  Because

Thomas did not commence an action against Judith in her individual capacity, the

court did not err in dismissing Thomas's breach-of-fiduciary-duty claim.[10]

[¶15.]	Thomas finally contends the circuit court erred in dismissing his

request for an accounting.  We disagree because Thomas had no standing to

demand an accounting.

[¶16.]	Trustors, fiduciaries, and beneficiaries are authorized to request

accountings and court supervision of trusts.  SDCL 21-22-9; SDCL 21-22-13.

Thomas asserts standing to request an accounting because he was a potential

beneficiary of Elizabeth's trust.  A beneficiary includes "any person in any manner

interested in the trust."  SDCL 21-22-1(1) (Supp. 2016).[11]  Although Thomas had an

interest in matters concerning his parents' estates, Elizabeth's trust was no longer

one of them.  Regardless of whether Thomas was a named beneficiary under

Elizabeth's original trust, Elizabeth reserved the power to amend her revocable

trust, and she amended it to specifically disinherit him.  Moreover, because Thomas

failed to commence a timely contest, he became barred from contesting the validity

of the amendments.  And because Thomas lost his ability to contest the

amendments, he could no longer claim to be "in any manner interested" in

---

10.	We express no opinion on the viability of a claim for breach of fiduciary duty that is brought based on a claim other than whether a trust amendment was "validly created."

11.	The Legislature recently amended SDCL 21-22-1(1) to narrow the definition of a "beneficiary."  2017 S.D. Sess. Laws ch. 204, § 23 (effective July 1, 2017) (defining beneficiary as one who has a "beneficial interest" or direct financial interest in a trust).

Elizabeth's trust. *See* SDCL 21-22-1(1) (Supp. 2016). The court did not err in dismissing his request for an accounting.[12]

*Conclusion*

[¶17.] Thomas's petition seeking to invalidate Elizabeth's trust amendments on grounds of undue influence or lack of capacity was barred by SDCL 55-4-57(a). The circuit court did not have *in personam* jurisdiction to adjudicate Thomas's breach-of-fiduciary-duty-claim against Judith. Thomas was not a person entitled to demand an accounting. Accordingly, the circuit court did not err in dismissing Thomas's petition.

[¶18.] GILBERTSON, Chief Justice, and SEVERSON and KERN, Justices, and WILBUR, Retired Justice, concur.

---

12. Thomas relies on a number of cases acknowledging that heirs at law or former beneficiaries have standing to sue regarding matters by which they could potentially obtain an interest. However, those cases are inapposite because Thomas is barred as a matter of law from contesting the amendment and therefore has no contingent potential of ever becoming interested in Elizabeth's trust.